IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

------------------------------X
KRISTI N. BAGEANT-EPPERSON,    :
                               :
            Plaintiff,         :
                               :  Case No. 3:13-cv-00969-J-34JRK
    vs.                        :
                               :
CITIGROUP, INC.,               :
                               :
            Defendant.         :
                               :
------------------------------X

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS
AND COMPEL ARBITRATION**

I. **INTRODUCTION**

Plaintiff admits that she agreed to arbitrate any employment-related claims with Citi and concedes that the Arbitration Policy ("Agreement" or "Policy"), which she acknowledged receiving, covers all her asserted claims. Citing only general principles and no relevant case law, she seeks to renege on her express commitment. She provides no support for her contention that the Agreement was "illusory" and ignores Florida law establishing that the mutual obligation to arbitrate and her ongoing employment are sufficient consideration. Nor has she shown unconscionability. Accordingly, Defendant's motion to compel arbitration and dismiss this action should be granted.

II. **PLAINTIFF KNOWINGLY AGREED TO ARBITRATE THIS DISPUTE**

In 2001 Plaintiff received a memorandum stating that under the new Citi Arbitration Policy (which was attached) "you and the Company agree to make arbitration the required and exclusive forum for resolution of all employment-related disputes" and her "continued employment" would constitute acceptance of its terms. (Ubal Reply Decl. Ex. A.) She hand-signed the attached Acknowledgement form. (*Id.* Ex. B.) The Policy was thereafter included in the Employee Handbook. (Ubal Reply Decl. ¶4; Ubal Decl. ¶4.) In 2004 and 2006, she hand-signed "Receipt Forms" contained within those years' Handbooks, acknowledging she had "read this Handbook carefully" and agreed to comply with its terms. (Ubal Reply Decl. Exs. C-D.) Beginning in 2009, she executed electronic Receipts; by clicking the "I acknowledge" button she affirmed receipt of the Web link to the Handbook and her "responsibility to read the Handbook and become familiar with its terms." (Ubal Decl. ¶¶ 4-10 and Exs.) She continued her employment after executing each Receipt. The Receipts and Handbooks repeatedly reference the

Policy and direct the employee to review it carefully. (*Id.*; Ubal Reply Decl. Exs. C, D.)

Plaintiff has thus knowingly agreed to the Policy's terms. *See Corbin v. Affiliated Computer Servs., Inc.*, 2013 WL 3804862, at *4-5 (M.D. Fla. July 19, 2013) (email with web link to revised policy constituted offer, accepted by remaining employed on effective date); *Vince v. Specialized Svcs., Inc.*, 2011 WL 4599824, at *3 (M.D. Fla. Oct. 3, 2011) (signing receipt and continuing employment signify acceptance of arbitration provision).

### III. CITI POLICY IS NOT ILLUSORY

The Agreement is not illusory because of the modification-upon-notice provision. Rather, the Policy permits Citi only to modify its terms "with 30 calendar days' written notice" to be "effective 30 calendar days after such amendments are provided to employees" and "apply prospectively only." (Ubal Decl. Ex. A at 57). Contrary to Plaintiff's assertion that there are no Florida cases on point, *Vince v. Specialized Services, Inc.* held that the employer's ability to modify the terms of an employee handbook did not render the arbitration policy contained therein illusory. 2011 WL 4599824 at *2-3. Similarly, *Berti v. UBS Financial* held that an arbitration agreement was not illusory based on a prospective modification-upon-notice clause where the agreement provided that the continued use of defendant's services constituted acceptance of any change. 2012 WL 5381969, at *8-9. (*See also* Def. Mem. 18-19.)

Plaintiff attempts to distract from Florida and Eleventh Circuit case law by citing a Ninth Circuit case applying California law and a California case applying Texas law, which are obviously not binding and, given California's negative views on arbitration[1], of

---

[1] *See, e.g., In re Checking Account Overdraft Litig.*, 829 F. Supp. 2d 1316, 1324 n.7 (S.D. Fla. 2011) (recognizing that California disfavors enforcement of arbitration clauses).

2

no persuasive value. Other courts have found that the modification-upon-notice provision *in the Citi Policy* does not render the agreement illusory. *See, e.g., Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x 955, 958 (5th Cir. 2007) (Texas law); *Richardson v. Citigroup*, 2012 WL 3590899, at *3-4 (D. Colo. July 25, 2012) (Colorado law).[2] Plaintiff's argument that the Agreement is illusory must therefore be rejected.

## IV. AGREEMENT IS SUPPORTED BY SUFFICIENT CONSIDERATION

The Arbitration Agreement is supported by sufficient consideration in the form of both the mutual obligation to arbitrate and the continued employment of Plaintiff.

"In Florida, one party's promise to submit its claims to arbitration typically provides sufficient consideration to support the other party's promise" to do the same. *Tranchant v. Ritz Carlton Hotel Co.*, 2011 WL 1230734, at*4 (M.D. Fla. Mar. 31, 2011); *see also Rocky Creek Ret. Prop., Inc. v. Estate of Fox*, 19 So. 3d 1105, 1109 (Fla. 2d DCA 2009). Thus, the mutual exchange of promises to forego the right to pursue claims in court provides sufficient consideration. *See Vince*, 2011 WL 4599824 at *3 (mutual obligation to arbitrate sufficient consideration despite provision permitting employer to unilaterally alter terms).

Florida law is equally clear that continued employment provides sufficient consideration. *Tranchant*—which Plaintiff buries in a footnote—held that "continued employment of plaintiff provided sufficient consideration to support the employment agreement and . . . arbitration provision." 2011 WL 1230734 at *4. A long line of Florida

---

[2] Other courts enforce arbitration agreements with modification-on-notice provisions. *See, e.g., Iberia Credit Bureau, Inc. v. Cingular Wireless LLC*, 379 F.3d 159, 173-74 (5th Cir. 2004) (Louisiana law); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 667-68 (6th Cir. 2003) (Ohio law); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 604 (3d Cir. 2002) (Pennsylvania law); *Canales v. Univ. of Phoenix, Inc.*, 854 F. Supp. 2d 119, 124 (D. Me. 2012).

cases holds the same. *See, e.g., Palm Lake Partners II LLC v. C & C Powerline, Inc.*, 38 So. 3d 844, 851 n. 10 (Fla 1st DCA 2010); *Murry v. Zynyx Mktg. Commc'n Inc.*, 774 So.2d 714, 716 (Fla 3d DCA 2000); *Ballou v. Campbell*, 179 So. 2d 228, 230 (Fla. 2d DCA 1965)); *see also Eskra v. Provident Life & Acc. Ins. Co.*, 125 F.3d 1406, 1413 (11th Cir. 1997) (under Florida law, continued employment of an at-will employee, without more, "is sufficient consideration to support a promise . . . made during the relationship.").[3] Plaintiff cites no contrary Florida or Eleventh Circuit case law.

Despite Plaintiff's assertion, *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. 1st DCA 2005), does not establish that continued employment alone is insufficient consideration to support an arbitration agreement under Florida law. *See Bhim v. Rent-A-Center*, 655 F. Supp. 2d 1307, 1313 (S.D. Fla. 2009) (citing *Cintas* in holding that continued employment provided sufficient consideration). Moreover, although Plaintiff cites to select states in which continued employment may not be sufficient consideration, the prevailing view is to the contrary. *See* Laura Browne, *Missouri Courts Side with Employees Against the Eighth Circuit*, 2011 JDR 447, 462 (2011) (the "majority of state courts around the country . . . hold that continued employment is the only consideration needed to impose mandatory arbitration clauses on employees").

## V. CITI'S ARBITRATION POLICY IS NOT UNCONSCIONABLE

Under Florida law, "[t]o void an agreement to arbitrate as unconscionable, both procedural and substantive unconscionability must be shown by the party seeking to avoid the arbitration." *Ownings v. T-Mobile USA, Inc.*, 2013 WL 4401824, at *6 (M.D.

---

[3] *See also Open Magnetic Imaging, Inc. v. Nieves-Garcia*, 826 So. 2d 415, 417-18 (Fla. 3d DCA 2002); *City of S. Miami v. Dembinsky*, 423 So. 2d 988, 989-90 (Fla. 3d DCA 1982).

Fla. Aug. 15, 2013) (Morales-Howard, J.) There is no factual or legal basis for sustaining Plaintiff's claim that the Policy is *either* procedurally or substantively unconscionable.[4]

### A. Citi's Arbitration Policy is Not Procedurally Unconscionable

To establish that the arbitration agreement is procedurally unconscionable, Plaintiff must show that she "had no meaningful opportunity or ability to know and understand" its terms. *Frantz v. Shedden*, 974 So. 2d 1193, 1196 (Fla. 2d DCA 2008). The Agreement is not procedurally unconscionable because: 1) Plaintiff had a meaningful choice to reject or accept its terms; and 2) it is not "nestled within unwieldy documents."[5]

First, Plaintiff had a meaningful choice regarding the terms of the Policy. Repeatedly between 2001 and 2013, she acknowledged its receipt, including by hand-signature *after* receiving copies of it. She had access to the Policy, to read and familiarize herself with its terms. By her continued employment she manifested her assent to its terms even when she acknowledged receipt before viewing the Handbook and Policy. Moreover, her contention that she lacked a meaningful choice to reject the Policy because she had "committed her entire professional career to Citi," (Pl. Mem. 12-13), does not, as a matter of law, establish procedural unconscionability. Even if the Agreement was presented on a "'take it or leave it' basis," absent evidence that an employee "lacked employment alternatives," an arbitration agreement is not procedurally unconscionable solely based on unequal bargaining power. *Bhim*, 655 F. Supp. 2d at 1315; *see also Bernal v. Beacon-FL, LLC*, 2011 WL 1559994 (S.D. Fla. Apr. 25, 2007) (no procedural

---

[4] Other jurisdictions have rejected arguments that Citi's Policy is unconscionable. *See, e.g., Richardson v. Citigroup, Inc.*, 2012 WL 3590899, at *4 (D. Colo. July 25, 2012); *Diggs v. Citigroup, Inc.*, 2013 WL 124110 (N.D. Tex. Jan. 8, 2013); *Dittenhafer v. Citigroup, Inc.*, 2010 WL 3063127 (N.D. Cal. Aug. 2, 2010); *Martin v. Citibank, Inc.*, 567 F. Supp. 2d 36 (D. D.C. 2008).

[5] Adhesion contracts are not *per se* procedurally unconscionable. *Bhim*, 655 F. Supp. 2d at 1313 n.3.

unconscionability where plaintiff with "significant experience in the industry" presented no evidence that he lacked employment alternatives); *Henry v. Pizza Hut of Am., Inc.*, 2007 WL 2827722 at *7 (M.D. Fla. Sept. 27, 2007).[6]

Second, Plaintiff's argument that the Arbitration Policy is procedurally unconscionable because it is "nestled within unwieldy documents" is absurd. She has "two decades" of experience as a high-level executive, belying her implied assertion that the five-page Policy was too "unwieldy" for her to understand. Where an arbitration agreement is a "separate document that is clearly and conspicuously identified as an arbitration agreement," and the plaintiff is given "sufficient time to review the document . . . it is unlikely that the plaintiff can establish procedural unconscionability." *Frantz*, 974 So. 2d at 1997; *see also Lopez v. Ernie Haire Ford, Inc.*, 974 So. 2d 517, 519 (Fla. 2d DCA 2008); *Orkin v. Exterminating Co. v. Petsch*, 872 So. 2d 259, 265 (Fla. 2d DCA 2004) (no procedural unconscionability where arbitration provision in large print on first page of contract). In support of her inherently flawed argument, she relies on two cases (*Romano* and *Prieto*) holding that burying an arbitration policy amongst lengthy nursing home admission paperwork without providing any notice of its inclusion was procedurally unconscionable, based on concerns irrelevant here. Nor did *National Financial Services, LLC v. Mahan*, 19 So. 3d 1134 (Fla. 3d DCA 2009), hold that *only* arbitration agreements contained in one "short and simple paragraph" are enforceable.

---

[6] Plaintiff's reliance on *Powertel, Inc. v. Bexley*, and *Billingsley v. Citi Trends, Inc.*, is misplaced. In *Powertel*, plaintiffs lacked a meaningful choice because they had already bought Powertel equipment and been issued a cell phone number, which could not be used with other cellphone providers. 743 So.2d at 574-75 (Fla. 1st DCA 1999). In *Billingsley*, the employer pressured plaintiffs to sign in "oppressive" meetings. 2013 WL 2350163, at *5-7 (N.D. Ala. 2013) (Georgia law).

*Id.* at 1136-37. Rather, it held that plaintiff, a "sophisticated businessman," could be bound by an arbitration agreement contained in an account application. More on point is *Vince v. Specialized Services, Inc.*, which rejected the argument that an arbitration policy was "hidden within [a] lengthy Employee Handbook" where, as here, the plaintiff signed a one-and-a-half page Acknowledgement form manifesting her assent to the terms of the arbitration provision described therein. 2011 WL 4599824 at *3.

### B. Citi's Arbitration Policy is Not Substantively Unconscionable

A contract is not substantively unconscionable unless its terms "are so 'outrageously unfair' as to 'shock the judicial conscience.'" *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 284-85 (Fla. 1st DCA 2003). Plaintiff cites no case law to support her argument that the modification-on-notice provision is substantively unconscionable. The modification-upon-notice provision precludes any unfair retroactive amendments. (*See* Point III.) Indeed, the Eleventh Circuit has held that a modification-upon-notice provision does ***not*** render an arbitration agreement substantively unconscionable where the right to modify was dependent on the plaintiff's consent through continued use of defendant's services. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119 (11th Cir. 2010), *opinion after cert. denied*, 691 F.3d 1224, 1234 n.11 (2012)("[t]he changes-to-agreement clause . . . is not substantively unconscionable") (*see* Def. Mem. 18).[7] This court in *Vince v. Specialized Services, Inc.* rejected a similar argument that an arbitration agreement contained in a handbook was unconscionable

---

[7] Plaintiff's attempt to distinguish *Pendergast* fails; the only proffered distinction is that Sprint "gave customers two-year contracts," whereas her "employment was at-will." (Pl. Mem. 15.) This is irrelevant in light of Florida case law holding that continued employment is sufficient consideration and *Pendergast's* holding that the changes-to-agreement clause was not substantively unconscionable.

7

because the employer retained the ability to alter its terms. 2011 WL 4599824 at *3.

Unlike *Palm Beach Motor Cars Ltd. v. Jeffries*, 885 So. 2d 990 (Fla. 4th DCA 2004) and *Bellsouth Mobility LLC v. Christopher*, 819 So. 2d 171 (Fla. 4th DCA 2002), which Plaintiff cites, both she and Citi agreed to arbitrate *all* employment-related disputes. The fact that Citi retains the right to modify the Policy on notice does not render its obligation illusory (*see* Point IV) and Plaintiff makes no allegation that Citi ever modified the Policy to limit its obligation to arbitrate its employment-related claims.

### C. Invalid Provisions May Be Severed

Plaintiff provides no support for her assertion that the modification-upon-notice provision is not severable, despite the severability provision. As she recognizes, the general rule is to the contrary: "where the invalid provisions do not go to the essence of the parties' contract and where there remain valid legal obligations even after severing the invalid provisions," a severability clause can save a contract containing an invalid provision. *FL-Carrollwood Care, Ctr. LLC v. Gordon*, 72 So. 3d 162 (Fla 2d DCA 2011); *see Estate of Deresh v. FS Tenant Pool III Trust*, 95 So.3d 296, 301 (Fla 4th DCA 2012). Florida courts have severed other provisions in arbitration agreements found to be unconscionable. *See, e.g., Alterra Healthcare Corp. v. Bryant*, 937 So. 2d 263, 265-66 (Fla 4th DCA 2006). Thus, if necessary, severance would be entirely appropriate here.

### VI. CONCLUSION

Defendant respectfully requests that the Court enter an Order compelling Plaintiff to submit her claims to binding arbitration before the American Arbitration Association and dismissing this case or staying the action pending completion of arbitration.

Dated: September 18, 2013

Respectfully submitted,

/s/ Rutledge R. Liles
Rutledge R. Liles
Florida Bar No. 102805
LILES, GAVIN & GEORGE
225 Water Street, Suite 1500
Jacksonville, Florida 32202
T: (904) 634-1100
F: (904) 634-1234
rliles@lilesgavin.com
*Trial Counsel*

and

Bettina B. Plevan (*admitted pro hac vice*)
New York Bar No. 1357979
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
T: 212-969-3000
F: 212-969-2900
bplevan@proskauer.com
*Trial Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2013, a copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all counsel of record.

/s/ Rutledge R. Liles
Attorney

9